IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENT A. SMITH, | ) |
| Plaintiff, | ) C.A. No. 4:20-cv-01162-JFS |
| | ) |
| v. | ) M.J. Joseph F. Saporito, Jr. |
| | ) |
| DICK'S SPORTING GOODS | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Synchrony Bank (misidentified as "Dick's Sporting Goods"), by and through counsel, and submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

In his Complaint, Plaintiff Kent A. Smith ("Plaintiff") claims that Synchrony violated the Fair Credit Reporting Act, 15 U.S.C. §1681 (the "FCRA") and the Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j (the "FCBA"). He alleges that unspecified charges (presumably on his Dick's Sporting Goods branded Synchrony credit card account), which he "ha[s] been trying to settle…for several years now…ha[ve] scar[r]ed [his] Credit report for some years now."

Plaintiff's Complaint offers no factual assertions that – even if accepted as true – satisfy the requisite elements of each of his claims. His conclusory statements fall short of asserting any *prima facie* or plausible FCRA and/or FCBA

claim against Synchrony and do not satisfy the basic pleading requirements under the Federal Rules of Civil Procedure.

For these reasons, this Court should dismiss his Complaint with prejudice.

## FACTUAL ALLEGATIONS

Plaintiff's Complaint is not a model of clarity; however, Plaintiff makes several factual allegations, which include:

- "I have been trying to settle this debt with Dick's Sporting Goods, for several years now."

- "On 04/30/2018 I received a letter stating that Portfolio Recovery Associates, LLC have purchased $7,226.30 worth of Debt in my name from Dicks."

- "This has scar[r]ed my Credit report for some years now, and I would like it resolved."

*See* Complaint [ECF no. 1-1, p. 4].

Plaintiff seeks $12,000.00 in compensation for unspecified damages to his credit. *Id*.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[A] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

"Factual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp.*, 550 U.S. at 545. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Although for the purposes of a motion to dismiss, the court must accept as true the factual allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (*quoting Bell Atlantic Corp.*, 550 U.S. at 555).

Indeed, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Bell Atlantic Corp.*, 550 U.S. at 555, 557). The federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. "[F]actual allegations must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

Where an opportunity to amend would be futile, a complaint should be dismissed with prejudice. *See, e.g., Gewirtz v. Opko Health, Inc.*, 230 F. Supp. 3d

440, 444 (E.D. Pa. 2017) (stating that "[a]mendment is futile when the complaint, as amended, would fail to state a claim"); *McClean v. Delaware Cty. Hous. Auth.*, 220 F. Supp. 3d 607, 614 (E.D. Pa. 2016) complaint with prejudice because amendment would be futile).

## ARGUMENT

**I.    Plaintiff has failed to articulate a *prima facie* FCRA claim.**

The Court should dismiss the Complaint because it does not allege facts sufficient to establish a *prima facie* FCRA claim.

### a.    Plaintiff has not alleged that Synchrony is subject to FCRA liability.

In order to set out a *prima facie* FCRA claim, a claimant must allege that the defendant is within the class of defendants subject to FCRA liability, *i.e.* that the defendant is a Consumer Reporting Agency[1] ("CRA"), a furnisher of information[2]

---

[1] The term "Consumer Reporting Agency" means: "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

[2] "A "furnisher" as defined by the statute is an entity, most often a creditor, who furnishes information to be used in a consumer report given to a consumer reporting agency about a particular consumer." *Thomas v. Harry*, 2020 U.S. Dist. LEXIS 71708, *13-14 (M.D. Pa., April 22, 2020).

or, in circumstances inapplicable to the instant matter, a user[3] of information.  If a claimant fails to do so, his/her claim must be dismissed for failure to state a claim upon which relief may be granted.  *See, e.g. Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1024 (N.D. Cal. 2006) (dismissing an FCRA claim because although plaintiffs claimed "they are entitled to recover damages, including punitive damages, under an unspecified provision of the FCRA they neither allege that defendants are credit reporting agencies or users or furnishers of credit information nor make it clear how their complaints give rise to a claim under the FCRA."); *see also Burdett v. Harrah's Kansas Casino Corp.*, 294 F. Supp. 2d 1215, 1231 (D. Kan. 2003) (directing plaintiff to show cause why her FCRA claims should not be dismissed for failure to state a claim where plaintiff neither alleged that the defendant was a credit reporting agency nor made it clear how her complaints gave rise to a claim under the FCRA).

---

[3] 15 U.S.C. § 1681h(e) includes "users of information" when it precludes claimants from bringing certain types of claims based upon alleged reporting issues unless malice or willfulness is alleged; it provides that "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer."  As stated, it is not relevant to the issues at bar.

Here, as in *Arikat* and *Burdett*, Plaintiff has made no allegation that Synchrony is a CRA or user or furnisher of information; accordingly, his Complaint must be dismissed for failure to state a claim.

**b.    Even if Plaintiff alleged Synchrony was a furnisher of information, his FCRA claim remains legally and fatally insufficient.**

Assuming, *arguendo*, that one might infer that Plaintiff is alleging that Synchrony is a furnisher of information, his FCRA claim would remain fatally insufficient.

"Importantly, a furnisher's duty to investigate disputed information only arises when they are notified of a dispute of information by a credit reporting agency." *Thomas v. Harry*, 2020 U.S. Dist. LEXIS 71708, *13-14 (M.D. Pa., April 22, 2020); *citing Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017).  "Notice given directly by a consumer to a furnisher regarding a dispute of information is not alone sufficient to trigger a furnishers' duty to investigate."  *Id.*  "Thus, if a plaintiff fails to establish that they notified a consumer reporting agency about a dispute of information arising from the information a furnisher provided to create a consumer report, then there is no cause of action for a complaint under the FCRA."  *Id*. at *13-14   Thus, there are three elements that a plaintiff must allege in order to articulate a *prima facie* FCRA claim against a furnisher of information:

> To enforce a private right of action and to establish a claim against a credit furnisher for violating § 1681s-2(b), a plaintiff must establish the following:
>
> (1) a dispute regarding the accuracy or completeness of information with a CRA;
>
> (2) notice from the CRA to the furnisher of the dispute;
>
> (3) and the furnisher failed to investigate, correct any inaccuracies, or notify the CRA of the results of the investigation.

*Foster v. Exeter Fin. LLC*, No. 4:18 CV 1014 CDP, 2018 WL 6524007, at *4 (E.D. Mo. Dec. 12, 2018) (*citing Drew v. Capital One Bank (USA) N.A.*, No. 1:16CV00095 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016)). (citations omitted); *see also Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) ("To state a claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that '[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of the information failed to investigate and modify the inaccurate information.'") (dismissing Complaint for failure to allege, *inter alia*, that plaintiff disputed the false and misleading information and that defendant failed to investigate and modify the inaccurate information).

Here, Plaintiff has not alleged any, much less all, of these three requisite elements - he has not alleged that he made a dispute to any CRA regarding the

7

accuracy or completeness of information regarding an account, or that any CRA gave notice to Synchrony about the dispute, or that Synchrony's actions in response to any CRA's notice were in any particular way violative of the FCRA.

For these reasons, Plaintiff's FCRA claim must be dismissed.

## II. Plaintiff has failed to articulate a *prima facie* FCBA claim.

The FCBA, which aims to "protect the consumer against inaccurate and unfair credit billing and credit card practices," imposes on creditors "requirements ... for the correction of billing errors." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d Cir. 2018); *quoting Am. Exp. Co. v. Koerner*, 452 U.S. 233, 234, 101 S. Ct. 2281, 68 L. Ed. 2d 803 (1981).  To trigger a creditor's obligation either to credit a disputed charge or to conduct a reasonable investigation into the matter, a consumer must submit a written notice of billing error within 60 days after receiving the statement that contains the error.  15 U.S.C. § 1666(a).[4]

---

[4] Pursuant to § 1666(b), a "billing error" consists of any of the following: (1) A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement; (2) A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof; (3) A reflection on a statement of goods or services not accepted by the obligor . . . or not delivered to the obligor . . . in accordance with the agreement made . . .; (4) The creditor's failure to reflect properly on a statement a payment made by the obligor . . . ; (5) A computation error or similar error of an accounting nature of the creditor on a statement; (6) Failure to transmit the statement required under § 1637(b) of this title to the last address of the obligor . . . ; (7) Any other error described in regulations of the Board.

Here, Plaintiff has failed to allege the requisite elements for an FCBA claim in that he has not alleged, much less demonstrated, that he submitted any written notice of any alleged billing error within the statutory sixty-day period.

Accordingly, Plaintiff's FCBA claim must be dismissed.

**III.   Plaintiff's claims are time-barred.**

The "FCRA requires that claims must be brought within two years 'from the date on which liability arises[]' [pursuant to 15 U.S.C.] § 1681p." *Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *6 (E.D. Mo. July 14, 2015).

All claims brought pursuant to the FCBA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e); *Dehart v. Homeq Servicing Corp.*, No. CV 11-416, 2013 WL 12147768, at *3 (E.D. Pa. June 25, 2013), *aff'd,* 679 F. App'x 184 (3d Cir. 2017).

Plaintiff's Complaint was filed on June 3, 2020.  *See Complaint* [ECF No. 1-1, p. 3].  In the Complaint, Plaintiff concedes that the allegedly erroneous charges to his account have existed since at least April, 2018 ("On 04/30/2018 I received a letter stating that Portfolio Recovery Associates, LLC have purchased $7,226.30 worth of Debt in my name from Dicks.")[5].

---

[5]If not for years before that date ("I have been trying to settle this debt with Dick's Sporting Goods, **for several years** now."  "This has scar[r]ed my Credit report **for some years now**…."

Because Plaintiff's Complaint was indisputably filed outside the FCRA's two-year limitations period and the FCBA's one-year limitation period, Plaintiff's FCRA and FCBA claim are time-barred and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Synchrony Bank respectfully moves the Court for an Order dismissing Plaintiff's Complaint with prejudice and for such other any further relief the Court deems just and proper.

Dated: July 13, 2020                    Respectfully submitted,

By: __/s/ Jack P. Bock, III__
Jack P. Bock, III (PA # 201758)
Reed Smith LLP
20 Stanwix Street, Suite 1200
Pittsburgh, PA 15222-4899
Tel: (412) 288-4238
Fax: (412) 288-3063
*Attorneys for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2020, a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, upon the following:

>Kent A. Smith
>110 Farmette Estates Drive
>Reedsville, PA 17084
>717-994-8822
>*Plaintiff*

**REED SMITH LLP**

By:  */s/ Jack P. Bock, III*
Jack P. Bock, III (PA # 201758)
Reed Smith LLP
20 Stanwix Street, Suite 1200
Pittsburgh, PA 15222-4899
Tel: (412) 288-4238
Fax: (412) 288-3063
*Attorneys for Defendant Synchrony Bank*